John S. Favate, Esq.
NJ Attorney ID 022791985
HARDIN, KUNDLA, MCKEON & POLETTO
COUNSELLORS AT LAW
A PROFESSIONAL CORPORATION
673 MORRIS AVENUE
SPRINGFIELD, NEW JERSEY 07081
(973) 912-5222
Attorneys for Defendant, Arch Specialty Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PULTE HOMES OF NJ, LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>vs.<br><br>ARCH SPECIALTY INSURANCE COMPANY, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, AND HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY,<br><br>Defendants. | : CASE NO. 3:23-cv-03904-MAS-TJB<br>:<br>: **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT, ARCH SPECIALTY INSURANCE COMPANY**<br>:<br>:<br>:<br>: |

Defendant, Arch Specialty Insurance Company ("ASIC"), by way of Answer to the Complaint, says:

## PARTIES

1.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.    ASIC admits the allegations set forth in paragraph 4 of the Complaint.

5.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.    ASIC admits the allegations set forth in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS – THE RIVER POINTE COMMUNITY

**I.    PULTE'S CONTRACTORS**

9.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.    Except to admit that the terms and conditions of any contract between Acies Group, LLC and Pulte Homes of NJ, LP speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.    Except to admit that the terms and conditions of any contract entered into between Acies Group, LLC and Pulte Homes of NJ, LP speak for themselves and that the terms and conditions of any policy of insurance issued by ASIC to Acies control and speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph117 of the Complaint.

12.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

**II.   THE RIVER POINTE LAWSUIT**

16. ASIC admits the allegations set forth in paragraph 16 of the Complaint.

17. ASIC admits the allegations set forth in paragraph 17 of the Complaint.

18. ASIC admits the allegations set forth in paragraph 18 of the Complaint.

19. Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

### A. Work Performed by Acies

21. Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.  Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

### B. Work Performed by Nassau

25.  Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.  Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.  Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.   Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

## FACTUAL ALLEGATIONS - ARCH

29.   ASIC admits that policy no. GAP0051340-00 was issued to Acies Group, LLC for the period August 11, 2012-June 18, 2013 and that the terms and conditions of said policy speak for themselves. ASIC lacks sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint.

30.   Except to admit that policy no. GAP0051340-00 was issued to Acies Group, LLC for the period August 11, 2012-June 18, 2013 and that the terms and conditions of said policy speak for themselves, ASIC denies the allegations set forth in paragraph 30 to the extent that they are in any way inconsistent with the terms and conditions of the policy.

31.   Except to admit that policy no. GAP0051340-00 was issued to Acies Group, LLC for the period August 11, 2012-June 18, 2013 and that the terms and conditions of said policy speak for themselves, ASIC denies the allegations set forth in paragraph 31

to the extent that they are in any way inconsistent with the terms and conditions of the policy.

32. Except to admit that policy no. GAP0051340-00 was issued to Acies Group, LLC for the period August 11, 2012-June 18, 2013 and that the terms and conditions of said policy speak for themselves, ASIC denies the allegations set forth in paragraph 32 to the extent that they are in any way inconsistent with the terms and conditions of the policy.

33. Except to admit that policy no. GAP0051340-00 was issued to Acies Group, LLC for the period August 11, 2012-June 18, 2013 and that the terms and conditions of said policy speak for themselves, ASIC denies the allegations set forth in paragraph 33 to the extent that they are in any way inconsistent with the terms and conditions of the policy..

34. Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. ASIC denies the allegations set forth in paragraph 35 of the Complaint.

36.   ASIC admits that Pulte sought defense and indemnity as an additional insured under ASIC policy no. GAP0051340-00.

37.   Except to admit that it has no duty to defend and/or indemnify Pulte Homes of NJ, LP under policy no. GAP0051340-00 and that the January 14, 2019 letter issued by ASIC speaks for itself, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.   Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.   ASIC admits that it is providing a defense to its named insured, Acies, in connection with the Lawsuit.

40.   Except to admit that it has no duty to defend and/or indemnify Pulte Homes of NJ, LP under policy no. GAP0051340-00 and that the January 14, 2019 letter issued by ASIC speaks for itself, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.  ASIC denies the allegations set forth in paragraph 41 of the Complaint.

### FACTUAL ALLEGATIONS – AMERICAN EMPIRE

42.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52. Except to admit that the allegations of the Complaint and Amended Complaint speak for themselves, ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

## FACTUAL ALLEGATIONS - HARLEYSVILLE

56.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.    ASIC lacks sufficient knowledge or information upon which to form a belief as to thc truth of the allegations set forth in paragraph 58 of the Complaint.

59.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

## FIRST CAUSE OF ACTION

### Declaratory Judgment Against Arch

66.  ASIC repeats and re-alleges each and every answer to the allegations set forth in paragraphs 1 through 4, 7 through 11, 16 through 24, and 29 through 41 as if same were set forth herein at length.

- 13 -

67. Except to admit that Arch disputes that it has any duty or obligation to Pulte as an additional insured or otherwise in connection with the lawsuit, ASIC denies the allegations set forth in paragraph 67 of the Complaint.

68. ASIC admits the allegations set forth in paragraph 68 of the Complaint.

69. ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70. ASIC denies the allegations set forth in paragraph 70 of the Complaint.

## SECOND CAUSE OF ACTION

### *Breach of the Duty to Defend Against Arch*

71. ASIC repeats and re-alleges each and every answer to the allegations set forth in paragraphs 1 through 4, 7 through 11, 16 through 24, and 29 through 41 as if same were set forth herein at length.

72. Except to admit that the terms and conditions of Arch policy no. GAP0051340-00 speak for themselves, ASIC denies the allegations set forth in paragraph 72 of the Complaint.

73. ASIC denies the allegations set forth in paragraph 73 of the Complaint.

- 14 -

74.  ASIC denies the allegations set forth in paragraph 74 of the Complaint.

75.  ASIC denies the allegations set forth in paragraph 75 of the Complaint.

### THIRD CAUSE OF ACTION

#### *Declaratory Judgment Against American Empire*

76.  ASIC repeats and re-alleges each and every answer to the allegations set forth in paragraphs 1 through 3, 5, 7 through 9, 12 through 13, 16 through 20, 25 through 28, and 48 through 55 as if same were set forth herein at length.

77.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

80.  ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

- 15 -

## FOURTH CAUSE OF ACTION

### *Breach of the Duty to Defend Against American Empire*

81.    ASIC repeats and re-alleges each and every answer to the allegations set forth in paragraphs 1 through 3, 5, 7 through 9, 12 through 13, 16 through 20, 25 through 28, and 48 through 55 as if same were set forth herein at length.

82.   ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83.   ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84.    ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85.   ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint.

## FIFTH CAUSE OF ACTION

### *Breach of the Duty to Defend Against Harleysville*

86.   ASIC repeats and re-alleges each and every answer to the allegations set forth in paragraphs 1 through 3, 6 through 9, 14

- 16 -

through 20, and 56 through 65 as if same were set forth herein at length.

87.   ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88.   ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.   ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint.

90.   ASIC lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

## SEPARATE DEFENSES

**FIRST:** The Complaint fails to state a cause of action upon which relief can be granted as against ASIC.

**SECOND:** Plaintiff's claims are barred in whole or in part or are otherwise limited the doctrines of waiver and estoppel.

**THIRD:** Under the terms of the ASIC policy and applicable law, ASIC is precluded from assuming or controlling the defense of plaintiff by virtue of the fact that ASIC's interests and the

interests of plaintiff with respect to the claims against plaintiff in the Underlying Action are not aligned and, therefore, there is a conflict between ASIC and plaintiff.

**FOURTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that Acies was not required by a written contract to defend or indemnify plaintiff and/or to name plaintiff as additional insureds under the ASIC policy.

**FIFTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited by virtue of the fact that the conditions for additional insured status set forth in the "Blanket Additional Insured Endorsement" contained in the ASIC policy have not been and cannot be met.

**SIXTH:** The ASIC policy is excess over any other valid and collectible insurance unless, and solely to the extent that, the terms of the endorsement in the ASIC policy titled "Other Insurance – Broad Form, CGL Policy Endorsement" are satisfied.

**SEVENTH:** Coverage under the ASIC policy does not apply to the extent that any "property damage" is a continuation of or arises out of, relates to or results from, in whole or in part, damage that commenced before the effective date of the ASIC policy.

**EIGHTH:**   The ASIC policy affords no coverage for property damage that took place outside of the effective period of the ASIC policy.

**NINTH:**   The ASIC policy affords no coverage for property damage that was not caused by the work of Acies Group, LLC.

**TENTH:**   Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the claims do not involve damages because of "property damage" as defined by the ASIC policy.

**ELEVENTH:**   Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the claims do not involve "property damage" during the effective period of the ASIC policy.

**TWELFTH:**   Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the claims do not involve "property damage" caused by an "occurrence" as defined in the ASIC policy.

**THIRTEENFTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the ASIC policy affords no coverage for property damage to the Acies' work arising out of Acies' work or any part of it after Acies' applicable operations were completed, except if the damaged work or the work

- 19 -

out of which the damage arises was performed by a subcontractor of Acies.

**FOURTEENTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the ASIC policy affords no coverage for property damage to the product of Acies arising out of the Acies product or any part of it.

**FIFTEENTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the ASIC policy affords no coverage for "property damage" to that particular part of real property on which Acies or any contractor or subcontractor working directly or indirectly on its behalf was performing operations if the property damage arises out of those operations.

**SIXTEENTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the ASIC policy affords no coverage for "property damage" to that part of any property that must be restored, repaired or replaced because Acies' work was incorrectly performed on it.

**SEVENTEENTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the ASIC policy affords no coverage for "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in Acies'

product or work, or any delay or failure by Acies or anyone acting on its behalf to perform a contract or agreement in accordance with its terms.

**EIGHTEENTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that the ASIC policy affords no coverage for damages by reason of the assumption of liability in a contract or agreement.

**NINETEENTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that any insured made any misrepresentation and/or failed to disclose material information when applying for the ASIC policy.

**TWENTIENTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited to the extent that plaintiff has voluntarily made a payment, assumed an obligation, or incurred an expense without ASIC's consent.

**TWENTY-FIRST:** Any indemnity and/or defense amounts otherwise subject to coverage under the terms, conditions, exclusions, limitations and definitions of the ASIC policy must be allocated over all applicable periods of time and:

a. The Court must consider and include all periods relevant to damage, if any, allegedly caused by the work Acies Group, LLC, from and including the earliest period of

damage and the latest date on which the inherent nature and scope of the damage was revealed to plaintiff, in its final adjudication of the rights and obligations of the parties, including, but not limited to, the rights and obligations of the parties pursuant to insurance policies, self-insured retentions, deductibles and lack of applicable insurance attributable to such periods;

b. ASIC has no obligation to make any indemnity and/or defense payments for any "property damage" that did not take place during the effective period of the ASIC policy;

c. ASIC has no obligation to make any indemnity and/or defense payments for "property damage" taking place during any period during which there is no applicable insurance;

d. To the extent that there is any exhaustion of any policy under which plaintiff seeks coverage in this action, ASIC is not obligated to pay any portion of: (i) indemnity amounts or defense expenses not properly allocated to its policy period; (ii) damage that did not take place during its policy periods; and (iii) the proportionate share of defense expense attendant thereto, and these are properly the responsibility of plaintiff and/or other insurers.

**TWENTY-SECOND:**  Plaintiff's claims are barred in whole or in part or are otherwise limited by virtue of plaintiff's failure to perform all obligations arising under the ASIC policy.

**TWENTY-THIRD:**  Plaintiff's claims are barred in whole or in part or are otherwise limited by virtue of their failure to satisfy conditions precedent and conditions subsequent arising under the ASIC policy.

**TWENTY-FOURTH:**  Any claim against ASIC is barred in whole or in part or otherwise limited to the extent that any alleged injury or damage was expected or intended by the insured.

**TWENTY-FIFTH:**  Plaintiff's claims are barred in whole or in part or are otherwise limited by virtue of the "Fungi or Bacteria" Exclusion contained in the ASIC policy.

**TWENTY-SIXTH:**  Plaintiff's claims are barred in whole or in part or are otherwise limited by virtue of the "Wrap-Up Exclusion Endorsement" contained in the ASIC policy.

**TWENTY-SEVENTH:** Plaintiff's claims are barred in whole or in part or are otherwise limited by virtue of the "Earth Movement or Subsidence Exclusion Endorsement" contained in the ASIC policy.

**TWENTY-EIGHTH:**  Plaintiff's claims are barred in whole or in part or are otherwise limited by virtue of the "Engineers

Architects   or   Surveyors   Professional   Liability   Exclusion
Endorsement" contained in the ASIC policy.

**TWENTY-NINTH:**  Plaintiff's claims are barred in whole or in
part or are otherwise limited by virtue of the "Exterior Insulation
and Finish System Absolute Exclusion Endorsement" contained in the
ASIC policy.

**THIRTIETH:**  Plaintiff's claims are barred in whole or in part
or are otherwise limited by virtue of the "Designated Operations
or Entities Exclusion Endorsement" in the ASIC policy which
precludes coverage for any claim, "suit", demand or loss that
alleges "bodily injury", "property damage" or "personal and
advertising injury", that in any way, in whole or in part, arises
out of, relates to or results from operations consisting of any
exterior work in excess of four (4) stories in height.

**THIRTY-FIRST:**  Plaintiff's claims are barred in whole or in
part or are otherwise limited by virtue of the "Other Insurance"
clause contained in the ASIC policy.

**THIRTY-SECOND:** Coverage under the ASIC policy, if any, is
subject to any applicable per-occurrence and aggregate limit of
liability.

**THIRTY-THIRD:** ASIC did not willfully, knowingly, or recklessly disregard any indisputable duty or obligation to plaintiff.

**THIRTY-FOURTH:** Plaintiff's Complaint fails to include indispensable parties without whom this matter should not proceed.

Defendant, Arch Specialty Insurance Company, reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of appropriate investigation and discovery.

## ANSWER TO CROSSCLAIMS

Defendant, Arch Specialty Insurance Company, by way of Answer to any Crossclaims, says:

Arch Specialty Insurance Company denies any and all allegations set forth in the Crossclaims asserted by any codefendant, and the Separate Defenses set forth herein are incorporated in response to all Crossclaims.

HARDIN, KUNDLA, MCKEON & POLETTO, PA
Attorneys for Defendant, Arch
Specialty Insurance Company

By: _____
John S. Favate, Esq.

DATED: November 20, 2023